IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT HOROWITZ, et al.

      v.                      :   Civil Action No. DKC 15-1959

FEDERAL INSURANCE COMPANY
d/b/a Chubb & Son

## MEMORANDUM OPINION

Presently pending and ready for resolution in this insurance case is a motion to dismiss or, in the alternative, for summary judgment filed by Defendant Federal Insurance Company ("Federal" or "Defendant"). (ECF No. 6). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

## I.  Background

This suit stems from a contract, employment, and tort action in state court between Plaintiffs Robert and Cathy Horowitz (the "Horowitzes" or "Plaintiffs") and the McLean School of Maryland, Inc. The current action is the latest in a long string of subsequent litigation. Additional background regarding the disputes can be found in a recent memorandum opinion in a related case. *See Horowitz v. Continental Casualty Co.*, No. DKC-14-3698, 2015 WL 9460111 (D.Md. Dec. 28, 2015).

The underlying state court suit that ultimately gave rise to this action was brought by the law firm Selzer, Gurvitch, Rabin, Wertheimer, Polott & Obecny, P.C. ("Selzer") against the Horowitzes to collect for unpaid legal work done in an earlier suit. (ECF No. 1 ¶ 11). The Horowitzes filed a counterclaim against Selzer alleging malpractice in that prior suit. Federal, as Selzer's malpractice insurance provider, retained the law firm Miles & Stockbridge P.C. to defend the malpractice claim. Miles & Stockbridge also represented Selzer in its fee recovery claim against the Horowitzes.

On July 2, 2015, Plaintiffs initiated this action by filing a complaint against Federal. (ECF No. 1). Plaintiffs contend that Federal "funded the cost for legal services to Selzer for debt collection" in Selzer's state court suit against the Horowitzes. (*Id.* ¶ 17). The complaint alleges that Federal's funding of Selzer's fee collection claim violated the Maryland Consumer Debt Collection Act ("MCDCA"). Md. Code Com. Law. § 14-201, *et seq.* Specifically, Plaintiffs allege that Federal attempted to collect a debt "with knowledge that the right [did] not exist." (*Id.* ¶ 33 (quoting Md. Code Com. Law. § 14-202(8))). On August 14, 2015, Defendant filed the pending motion to dismiss or, in the alternative, for summary judgment. (ECF No. 6). Plaintiffs responded in opposition (ECF No. 10), and Defendant replied (ECF No. 13).

2

## II.  Standard of Review

Ordinarily, a court cannot consider matters outside the pleadings or resolve factual disputes when ruling on a Rule 12(b)(6) motion to dismiss. *See Bosiger v. U.S. Airways,* 510 F.3d 442, 450 (4th Cir. 2007).  If the court does consider matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d); *see also Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.,* 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."). Here, because it is not necessary to consider matters outside the pleadings, Defendant's motion will be treated as a motion to dismiss.

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

3

8(a)(2).  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show[n]'—'that the pleader is entitled to

4

relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P.
8(a)(2)).   Thus, "[d]etermining whether a complaint states a
plausible claim for relief will . . . be a context-specific task
that requires the reviewing court to draw on its judicial
experience and common sense." *Id.*

## III. Analysis

Plaintiffs assert liability under the MCDCA (ECF No. 1 ¶¶
30-37), which provides in relevant part: "In collecting or
attempting to collect an alleged debt a collector may not . . .
[c]laim, attempt, or threaten to enforce a right with knowledge
that the right does not exist."  Md. Code, Com. Law § 14-202(8).
To state a claim under this MCDCA provision, a plaintiff must
allege sufficient facts to show that the defendant was a
"collector," did not possess the right to collect the amount of
debt sought, and attempted to collect the debt knowing that it
lacked the right to do so.  *See, e.g.*, *Pugh v. Corelogic Credco,
LLC*, No. DKC-13-1602, 2013 WL 5655705, at *4 (D.Md. Oct. 16,
2013).

Plaintiffs assert that Defendant did not have the right to
"collect" on the debt because it did not obtain the license
required by the Maryland Collection Agency Licensing Act
("MCALA").  Md. Code, Bus. Reg. § 7-301(a).  Plaintiffs also
contend that Defendant violated "several enumerated subparts of
the [Md. Code Ins.] § 27-212 by funding these collection

services for Selzer," and that Defendant's "conduct in facilitating Miles [& Stockbridge] as collection counsel completely undermine[d] its responsibility to be properly advised by Miles [& Stockbridge] on liability, so as to meet its obligations . . . to make a prompt, fair, and equitable good faith attempt, to settle claims for which liability has become reasonably clear." (ECF No. 1 ¶ 34). These summary assertions do not plausibly allege that Defendant violated the MCDCA.

First, Plaintiffs allege no facts showing that the MCDCA applies to Defendant. The MCDCA's prohibitions apply to "collectors," which are defined as people "collecting or attempting to collect an alleged debt arising out of a consumer transaction." Plaintiffs do not allege facts supporting their conclusory assertion that Defendant, which was Selzer's malpractice insurance provider, funded the fee collection litigation. Rather, the alleged facts show that Defendant funded Selzer's defense of the malpractice claim, which happened to be handled by the same law firm that handled the fee collection claims. Funding a malpractice defense does not make an insurance company a debt "collector." The cases Plaintiffs cite to argue that Defendant falls under the MCDCA are inapposite because they either dealt with entities that are expressly in the business of debt collection, or did not apply the MCDCA. *See Bradshaw v. Hilco Receivables, LLC*, 765

F.Supp.2d 719, 731-32 (D.Md. 2011) (applying the MCDCA to a law firm that was in the business of buying consumer debt and initiating suits to collect); *Finch v. LVNV Funding, LLC*, 212 Md.App. 748, 751 (2013) (applying the MCDCA to a debt collection agency); *Alexander & Alexander, Inc. v. B. Dixon Evander & Assocs., Inc.*, 88 Md.App. 672 (1991) (not applying the MCDCA). Even if Defendant were somehow properly categorized as a "collector," Plaintiffs nonetheless have not alleged that, in this case, Defendant was "collecting or attempting to collect an alleged debt" sufficient to state a viable claim under the MCDCA.

Moreover, assuming *arguendo* that the MCDCA applies to Defendant, Plaintiffs have not stated a claim. The primary basis of Plaintiffs' MCDCA claim is that Defendant failed to register as a "collection agency" in violation of the MCALA. Md. Code, Bus. Reg. § 7-301(a). Failure to register properly as a collection agency in violation the MCALA may lead to liability under the MCDCA. *See, e.g.*, *Bradshaw*, 765 F.Supp.2d at 731-32. Plaintiffs do not, however, allege any facts showing that Defendant is a "collection agency." A "'collection agency' [is] a person who engages directly or indirectly in the business of" collecting or soliciting consumer claims. Md. Code., Bus. Reg. § 701(c). Again, Defendant is Selzer's malpractice insurance provider. Plaintiffs do not allege plausibly that Defendant is

engaged in the business of collecting or soliciting consumer debt claims. Plaintiffs' other allegations fare no better. The complaint's recitation of the elements of various insurance laws that Defendant allegedly violated are not enough to survive a motion to dismiss, and it is not clear how, even if plausible, these allegations would lead to liability under the MCDCA.[1]

## IV.  Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendant Federal Insurance Company will be granted. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[1] Defendant also argues that _res judicata_ bars Plaintiffs' claims inasmuch as they mount a collateral attack on a state court judgment. (ECF No. 6, at 4-6). This may be true for some of the damages sought by Plaintiff. It is not necessary, however, to consider this question in light of Plaintiffs' failure to state a claim under the MCDCA.