IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT HOROWITZ, et al.        :
                               :
    v.                         :   Civil Action No. DKC 15-1959
                               :
FEDERAL INSURANCE COMPANY      :
d/b/a Chubb & Son              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this insurance case is a motion to alter or amend the court's judgment filed by Plaintiffs Robert and Cathy Horowitz ("Plaintiffs"). (ECF No. 16). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiffs' motion will be denied.

**I. Background**

The factual and procedural background to this case may be found in the memorandum opinion issued on January 4, 2016. (*See* ECF No. 14, at 1-2). That opinion and an accompanying order granted a motion to dismiss filed by Defendant Federal Insurance Company ("Defendant"). On February 1, Plaintiffs filed the pending motion pursuant to Fed.R.Civ.P. 59(e). (ECF No. 16). Defendants responded (ECF No. 17), and Plaintiffs replied (ECF No. 18).

**II.   Standard of Review**

Courts have recognized three limited grounds for granting a motion for reconsideration under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice.  *See United States ex. rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127–28 (2d ed. 1995)); *see also Medlock v. Rumsfeld*, 336 F.Supp.2d 452, 470 (D.Md. 2002), *aff'd*, 86 F.App'x 665 (4th Cir. 2004) (citation omitted) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so.  Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized.").  "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'"  *Pac. Ins. Co.*, 148 F.3d at 403 (quoting Wright, et al., *supra*, § 2810.1, at 124).

2

**III. Analysis**

Plaintiffs assert that reconsideration is necessary "to prevent clear errors of law and ensure adherence to the standard of review that requires facts pleaded in the complaint to be deemed true." (ECF No. 16, at 1).  Plaintiffs contend that the complaint contained sufficient facts showing that Defendant attempted to collect a consumer debt without obtaining the license required by the Maryland Collection Agency Licensing Act ("MCALA").  According to Plaintiffs, the court incorrectly held that a defendant is only required to obtain a license if it "regularly" engages in the business of collecting or soliciting consumer debt.  (ECF No. 16, at 4-5).  Plaintiffs cite to *Fontell v. Hassett*, 870 F.Supp.2d 395, 409 (D.Md. 2012), a case in which Judge Williams held that an entity may violate the MCALA even if it is not "regularly" engaged in the collection business.

Plaintiffs' arguments and citation to *Fontell* are unpersuasive.  In the memorandum opinion, the court held that dismissal was warranted for two basic reasons.  First, Plaintiffs did not "allege plausibly that Defendant is engaged in the business of collecting or soliciting consumer debt claims."  (ECF No. 14, at 7-8).  Second, Plaintiffs did not allege that "Defendant was 'collecting or attempting to collect an alleged debt' sufficient to state a viable claim under the

[Maryland Consumer Debt Collection Act ('MCDCA')]." (*Id.* at 7). The court held that Plaintiffs' complaint put forth nothing more than unsupported "summary assertions," which failed to show plausibly that Defendant engaged in any sort of debt collection. (*Id.* at 6). Contrary to Plaintiffs' assertions, the court did not hold that a defendant must be engaged in "regular" debt collection to be liable for a violation of the MCALA.[1] Rather, the court explained that "the alleged facts show that Defendant funded Selzer's defense of the malpractice claim," which was distinct from any collection attempt. (*Id.*). Plaintiffs failed to plead sufficient facts alleging that Defendants engaged in any debt collection, which distinguishes this case from *Fontell*.

In short, Plaintiffs' motion is an attempt to relitigate the motion to dismiss. Plaintiffs continue to assert that Defendant engaged in debt collection, but this assertion is not sufficiently supported by factual allegations. Plaintiffs' motion does not persuasively articulate how dismissal was a clear error of law or manifest injustice. "Plaintiff[s'] reiteration of prior arguments reveals a 'mere disagreement' with the court's decision and thus is an insufficient basis for

---

[1] Notably, Plaintiffs do not argue that the memorandum opinion explicitly stated that "regular" debt collection is required for a violation of the MCALA. Instead, Plaintiffs include an altered quotation from the opinion (ECF No. 16, at 4-5) and contend that the "tone" of the opinion insinuated that "regular" debt collection was required (ECF No. 18, at 2). Such general assertions ignore much of the opinion's analysis.

[the] extraordinary remedy" of reconsideration under Rule 59(e). *Panowicz v. Hancock*, No. DKC-11-2417, 2015 WL 5895528, at *3 (D.Md. Oct. 5, 2015) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Plaintiffs put forth two additional arguments, neither of which warrants significant analysis. First, Plaintiffs assert that the investigation by the Maryland Insurance Administration (the "MIA") is "inconsistent with this court's conclusions about pleaded facts" because the MIA investigation has been ongoing for "more than seven months." (ECF No. 16, at 8-9). Defendant counters that the MIA issued a letter to Plaintiffs on January 29, 2016 determining that Defendant did not violate Maryland insurance law. (ECF Nos. 17, at 2; 17-1). It is not clear how the investigation is relevant to the pending motion, and the MIA's January 29 letter, at the very least, undermines Plaintiffs' position. Finally, Plaintiffs' contention that *res judicata* does not apply is irrelevant. As the court held in its memorandum opinion, *res judicata* may bar Plaintiffs' claims, but it is "not necessary . . . to consider this question in light of Plaintiffs' failure to state a claim under the MCDCA." (ECF No. 14, at 8 n.1). Accordingly, none of Plaintiffs' arguments warrant the extraordinary remedy of altering or amending the court's judgment under Rule 59(e).

**IV. Conclusion**

For the foregoing reasons, the motion to alter or amend the court's judgment filed by Plaintiffs will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
