```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

ROBERT HOROWITZ, et al.        :

      v.                          :    Civil Action No. DKC 15-1959

                                      :

FEDERAL INSURANCE COMPANY
d/b/a Chubb & Son               :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this insurance case is a motion for relief from judgment filed by Plaintiffs Robert and Cathy Horowitz ("Plaintiffs"). (ECF No. 26). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for relief from judgment will be denied.

**I. Background**

The factual and procedural background to this case may be found in the memorandum opinion issued on January 4, 2016. (ECF No. 14, at 1-2). That opinion and an accompanying order granted a motion to dismiss filed by Defendant Federal Insurance Company ("Defendant"). Plaintiffs then filed a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) which was denied on May 27, 2016. (ECF No. 19). Plaintiffs appealed, and the United States Court of Appeals for the Fourth Circuit affirmed

the dismissal.  (ECF No. 24).  On May 25, 2017, Plaintiffs filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(2).  (ECF No. 26).  Defendant responded, (ECF No. 28), and Plaintiffs replied.  (ECF No. 31).

**II. Standard of Review**

"The consideration of a [Fed.R.Civ.P.] 60(b) motion proceeds in two stages:  first, the court must assess whether the movant has met each of three threshold conditions; and second, if the threshold requirements have been met, the court must determine whether the movant has satisfied one of the six enumerated grounds for relief under the rule." *Holland v. Va. Lee Co., Inc.*, 188 F.R.D. 241, 248 (W.D.Va. 1999) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264, 266 (4th Cir. 1996).

The threshold requirements are timeliness, a meritorious claim or defense, and the absence of unfair prejudice to the other side.  Rule 60(b) allows for a party to move for relief from a judgment based on one of six grounds including "newly discovered evidence."  Fed.R.Civ.P. 60(b)(2).  In determining whether to exercise the power under Rule 60(b), courts must engage in a delicate balancing of the "sanctity of final judgments, expressed in the doctrine of *res judicata*, and the incessant command of the court's conscience that justice be done in light of ALL the facts." *Compton v. Alton S.S. Co.*, 608 F.2d

96, 102 (4th Cir. 1979) (emphasis in original) (quoting *Banker's Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

**III. Analysis**

    **A.    Timeliness**

Plaintiffs argue that the motion for relief is timely because it was filed within a year of the court's ruling on its motion to alter or amend the judgment and shortly after a decision in the case between these parties before the Maryland Insurance Administration ("MIA"). (ECF No. 26, at 2-5). Defendant argues that the motion is late because judgment was entered more than a year before the motion and, regardless, Plaintiffs did not file within a reasonable time. (ECF No. 28, at 2).

In this case, Plaintiffs filed a motion to amend the judgment pursuant to Fed.R.Civ.P. 59, and Rule 59 motions "affect the finality of the judgment." Fed.R.Civ.P. 59 advisory committee notes to 1995 amendment. A Rule 59 motion acts to "suspend[] the finality of the judgment" until the district court has ruled. *Communist Party of Ind. v. Whitcomb*, 414 U.S. 441, 445 (1974). Thus, a Rule 59 motion tolls the date of final judgment for the purposes of "the appeals-limitation period." *Dove v. Codesco*, 569 F.2d 807, 809 (4th Cir. 1978). Other courts have also held that a Rule 59 motion tolls the date of final judgment for the purposes of subsequent motions before the

3

district court including motions pursuant to Rule 60. *Int'l Ctr. for Tech. Assessment v. Leavitt*, 468 F.Supp.2d 200, 206 (D.D.C. 2007) ("In other words, the suspension of finality on the basis of a timely-filed Rule 59(e) motion is not only applicable to an appeal. Accordingly, the court concludes that a timely filed Rule 59(e) motion suspends the finality of a judgment not just at the appellate level, but at the district court level as well."). Although that ruling is logical and persuasive, it will not be necessary to rule definitively because, even if timely, the motion will be denied on other grounds.

Rule 60(b)(2) requires not only that a motion be made within a year of final judgment but also that it be filed within "a reasonable time." Plaintiffs claim that their delay was reasonable because the delay allowed them to incorporate an MIA decision into their motion. (ECF No. 26, at 5). Defendant argues the delay was unreasonable. When a party waits for a few of months to "strengthen the basis for [a] motion", the delay is reasonable. *Bouret-Echevarria v. Caribbean Aviation Maintenance Corp.*, 784 F.3d 37, 44 (1st Cir. 2015) (finding reasonable a three month delay used to obtain additional information to support a motion pursuant to Rule 60(b)). Here, Plaintiffs delayed six months which allowed for further development in a related administrative proceeding. This delay is not an example

4

of a party sleeping on its rights but rather of using additional time to attempt to improve their case. Thus, Plaintiffs' motion filed shortly after a ruling in the administrative proceeding was filed within a reasonable time. *See Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017).

    **B.    Prejudice**

Plaintiffs allege that setting aside the judgment will not unfairly prejudice Defendant. (ECF No. 26, at 6). Defendant does not dispute this. (ECF No. 28). There does not appear to be any loss of evidence or witnesses. *See Westlake Legal Group v. Yelp, Inc.* 599 F.App'x 481, 484 (4th Cir. Mar 18, 2015). Therefore, Plaintiffs' motion does not unfairly prejudice Defendant.

    **C.    Meritorious Claim or Defense**

The final threshold consideration is whether Plaintiffs have a meritorious claim or defense. To satisfy this element, the movants must make "a proffer of evidence which would permit a finding for the [moving] party[.]" *Holland v. Va. Lee Co., Inc.*, 188 F.R.D. 241, 249 (W.D.Va. 1999) (alteration in the original and quoting *Augusta Fiberglass Coatings, Inc. v. Fodoc Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). In a motion pursuant to Rule 60(b)(2), the newly discovered evidence must call into question "the validity of the judgment by directly refuting the underpinning of the theory which

5

prevailed." 11 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2859 (3d ed. 2017).

Plaintiffs allege that an exhibit obtained in November during proceedings before the MIA shows that Defendant paid for debt collection activities. (ECF No. 26, at 7). This exhibit is an audit report prepared by Defendant. The report does not identify any affirmative payments Defendant made to collect debts. Indeed, it *only* identifies the disallowance of certain claims for legal expenses. (ECF No. 26-1, at 114-17). The report is consistent with the reasoning in the original judgment that Defendant did not engage in debt collection activities, and, therefore, it does not undermine the "validity of the judgment." 11 Wright, *supra* § 2859. Plaintiffs' motion pursuant to Rule 60(b)(2) will be denied.

**IV. Conclusion**

For the foregoing reasons, the motion for relief from judgment filed by Plaintiffs Robert and Cathy Horowitz will be denied. A separate order will follow.

                                                  /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge